**BEINHAKER, MAITLIN & GOODGOLD**
By Allan Maitlin, Esq. - 208361962
33 Bleeker Street, Suite 210
Millburn, NJ 07041
Phone: (973) 731-3402; Fax: (973) 731-2896
*Attorneys for Plaintiff Union Management LLC Through its Subrogating Insurance Company, Greater New York Mutual Insurance Company*
*Our File No. 26085*

| | |
|---|---|
| UNION MANAGEMENT LLC Through its Subrogating Insurance Company, GREATER NEW YORK MUTUAL INSURANCE COMPANY, **Plaintiff,** -vs- APPLE, INC., **Defendant.** | ) UNITED STATES DISTRICT COURT ) FOR THE DISTRICT OF NEW JERSEY ) ) CIVIL ACTION NO. ) ) CIVIL ACTION ) ) **COMPLAINT AND JURY DEMAND** ) ) ) ) ) |

Plaintiff UNION MANAGEMENT LLC Through its Subrogating Insurance Company, GREATER NEW YORK MUTUAL INSURANCE COMPANY (hereinafter "Union Management"), by way of Complaint against defendant APPLE, INC., says:

**PARTIES**

1.   Plaintiff Union Management is a residential rental complex located on Parsippany Road, Parsippany, New Jersey. At the time of this loss, it was insured by Greater New York Mutual Insurance Company, a corporation duly organized and existing under the laws of the State of New York and authorized to insure properties in the State of New Jersey. Greater New York Mutual Insurance Company has offices in Middlesex County, New Jersey as well as New York City.

2. Defendant herein Apple, Inc. (hereinafter "Apple") is a corporation duly authorized and existing in the State of California with its principal place of business located at 1 Infinite Loop, Cupertine, California 95014. At all times material herein, Apple was engaged in the business of, *inter alia*, designing, manufacturing, distributing, selling, and/or supplying multipurpose tablets called iPads, including distributing, selling, and/or supplying such tablets in New Jersey.

**JURISDICTION AND VENUE**

3. The jurisdiction of this Court is based upon diversity of citizenship pursuant to 28 U.S.C. Section 1332. The matter in controversy, exclusive of interest and costs, exceeds the sum of Seventy-Five Thousand Dollars ($75,000.00).

4. Venue in this action lies in the United States District Court for the District of New Jersey pursuant to 28 U.S.C. Section 1391 as the facts and circumstances giving rise to this action occurred in this district, more specifically, a substantial fire to the premises of the plaintiff located in Parsippany, New Jersey.

**FACTS**

5. At all times material herein, Union Management owned and operated a rental apartment complex known as Colonial Heights Apartments located at 300 Parsippany Road, Parsippany,

New Jersey 07054 (hereinafter "the residence.")

6. At all times material Bradley Ireland lived at the residence in Unit 4-F.

7. On and prior to February 22, 2017, defendant Apple designed, manufactured, distributed, supplied, and/or sold tablets, including a tablet located in the kitchen of Unit 4-F at the residence (hereinafter "the subject tablet.")

8. On February 22, 2017 a fire originated at the residence ("the fire").

9. The fire was caused by a defect in the subject tablet specifically affecting the subject tablet's battery pack.

10. The fire resulted in substantial damages to the residence. The residence sustained severe fire damage which damaged and destroyed the residence, including Unit 4-F.

11. The fire additionally caused the injury and death of tenant Bradley Ireland.

12. On and prior to the date of the fire, plaintiff Greater New York Mutual Insurance Company insured the residence owned by Union Management against fire and other casualties. As a result of the fire, Greater New York Mutual Insurance Company was obligated to pay and did pay Union Management for the damage and destruction of the residence as well as lost income. It became subrogated to the rights of Union Management against any and all parties, including defendant Apple, that may have been

the cause of the fire and subsequent damage.

### COUNT I – STRICT PRODUCTS LIABILITY

13. Plaintiff repeats and realleges all of the foregoing paragraphs of this Complaint as if specifically set forth herein at length.

14. Defendant Apple designed, manufactured, distributed, and/or sold the subject tablet, which was intended by defendant to be used by members of the general public, including persons such as Bradley Ireland.

15. Defendant Apple also designed, manufactured, distributed, and/or sold certain "updates" to the subject tablet, which were intended by defendant to be downloaded and/or installed in the subject tablet by members of the general public, including persons such as Bradley Ireland.

16. The subject tablet was unreasonably dangerous and unsafe for its intended purpose by reasons of defects in its design and/or its manufacture and/or a lack of adequate warnings which existed when defendant Apple placed the subject tablet into the stream of commerce and/or when defendant distributed and/or sold the "updates" to the subject tablet.

17. The fire and resulting damage and destruction of the residence was caused by the defectively designed and/or defectively manufactured subject tablet.

18. Defendant Apple designed, manufactured, distributed,

4

supplied, and/or sold the subject tablet in a defective and unreasonably dangerous condition for which it is strictly liable pursuant to the Restatement (Second) of Torts § 402A and the New Jersey Products Liability Act, N.J.S.A. 2A:58C-1, *et seq.*

WHEREFORE, plaintiff requests judgment against defendant Apple for such compensatory damages as may be permitted pursuant to the laws of the State of New Jersey, together with interest, attorney's fees, and costs of suit.

### COUNT II – ULTRAHAZARDOUS RESPONSIBILITY

19. Plaintiff repeats and realleges all of the foregoing paragraphs of this Complaint as if specifically set forth herein at length.

20. Defendant Apple's product contained batteries which it believed necessary for the functioning and operation of the subject tablet.

21. The batteries contained within the subject tablet were commonly known as "lithium batteries" and were specifically determined by Apple to be necessary for the operation of the subject tablet.

22. The said lithium batteries were inherently dangerous and were capable of igniting and causing a fire, even if properly in use within the tablet.

23. The fire was caused by the ignition of the lithium batteries contained within the subject tablet.

24. Defendant knew or should have known of the dangerous propensities of lithium batteries and their use in electronic devices such as the subject tablet.

25. The said lithium batteries are ultrahazardous, capable of igniting spontaneously, and are dangerous instrumentalities.

26. Defendant Apple is responsible for all fire damage caused by the said lithium batteries because of their status as an ultrahazardous mechanism capable of causing damage, even when reasonably used by products containing the said batteries.

WHEREFORE, plaintiff demands damages for all monies paid by Greater New York Mutual Insurance to Union Management, for which it became subrogated to the rights of Union Management against Apple, inclusive of the deductible under the policy of insurance, together with interest, attorney's fees, and costs of suit.

## JURY DEMAND

Plaintiff demands trial by jury as to all issues.

>BEINHAKER, MAITLIN & GOODGOLD
>Attorneys for Plaintiff
>Union Management LLC Through its
>Subrogating Insurance Company,
>Greater New York Mutual
>Insurance Company
>
>By _____
>ALLAN MAITLIN
>almaitlin@aol.com

Dated: June 20, 2019

6